# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

JOHN GAWRON, III,

                    Petitioner,    :             Case No. 2:25-cv-00628

       - vs -                          District Judge Algenon L. Marbley
                                         Magistrate Judge Michael R. Merz

JERRY SPATNY, Warden,
  Grafton Correctional Institution,

                                   :
                    Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner John Gawron III to obtain relief from his conviction in the Belmont County Court of Common Pleas (Petition, ECF No. 1).  It is before the Court on Respondent's Motion to Dismiss based on the statute of limitations (ECF No. 9).  Petitioner opposes the Motion (ECF No. 13).  Respondent's time to file a reply in support has expired, making the Motion ripe for decision.

The Magistrate Judge reference in the case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 14).

## Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), effective April 24, 1996, enacted for the first time a statute of limitations

1

for habeas corpus cases.  The time limit is one year.  Unless a different starting date is appropriate, the time runs from when a conviction becomes final on direct review.  28 U.S.C. § 2244(d)(1)(A).  Respondent calculates that date to be November 9, 2021, the last date on which Petitioner could have appealed to the Supreme Court of Ohio (Motion, ECF No. 9, PageID 313).  The statute would have expired, under that calculation, on November 9, 2022.  Gawron filed his Petition by placing it in the prison mailing system May 8, 2025 (Petition, ECF No. 1, PageID 14).  Unless he can establish some basis for tolling, the filing is untimely.

In the Petition itself, Gawron claimed his late filing was excused by his actual innocence. *Id.* He repeats that claim in his Memorandum in Opposition (ECF No. 13).  He writes:

> It is well established that, even with all of the restrictions associated with the AEDP A revisions to Habeas Corpus practice, a colorable claim of actual innocence is sufficient to require merit review of claims deemed untimely under the AEDPA. See, e. g. In **re: Davis** (2009) 557 U.S. 952, citing, inter alia, **Triestman v U.S.** (CA 2, 1997) 124 F3d 361, 377-380; **McQuiggin v Perkins** (2013) 569 U.S. 383. See also **Souter v Jones** (6th Cir., 2005) 395 F3d 577.

*Id.* at PageID 327.

Then, instead of outlining his "colorable claim" of actual innocence, Petitioner blames his failure to present certain issues in a timely manner to Ohio's failure to mandate appointment of counsel on collateral review.  *Id.* at PageID 329-31.

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held:

> [A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U. S., at 329, 115 S. Ct. 851, 130 L. Ed. 2d 808; see *House*, 547 U. S., at 538, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (emphasizing that the

2

> *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U. S., at 332, 115 S. Ct. 851, 130 L. Ed. 2d. 808.
>
> * * *
>
> [A] federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown.

*McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013).

Simply put, Petitioner here has presented no new evidence at all, much less evidence sufficient to persuade the Court that no rational juror would have voted to convict if he or she had heard this new evidence.  The test is not, as Petitioner would have it, whether he has presented a "colorable" claim of actual innocence, but whether he had presented persuasive new evidence.  In the absence of **any** new evidence, Petitioner has not met his burden under *McQuiggin*.  The Motion to Dismiss should therefore be granted.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not

be permitted to proceed *in forma pauperis*.

February 13, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.