IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

JOHN GAWRON, III,                           :

               Petitioner,           :      Case No. 2:25-cv-00628

                                     :

  - vs -                                     :      District Judge Algenon L. Marbley

                                     :      Magistrate Judge Michael R. Merz

                                     :

JERRY SPATNY, Warden,
Grafton Correctional Institution,           :

              Respondent.           :

**OPINION AND ORDER**

This habeas corpus case, brought *pro se* by Petitioner John Gawron III to obtain relief from his conviction in the Belmont County Court of Common Pleas, is before the Court on Petitioner's Objections (ECF No. 18) to the Magistrate Judge's Report and Recommendations recommending that Respondent's Motion to Dismiss be granted ("Report," ECF No. 15). As required by 28 U.S.C. § 636(b)(1) and Fed .R. Civ. P. 72(b), the Court has reviewed the Report *de novo* with particular attention to those portions objected to by Petitioner.

Respondent moved to dismiss the Petition as barred by the AEDPA's one-year statute of limitations, codified at 28 U.S.C. § 2244(d) (ECF No. 2). By the Magistrate Judge's calculation, Petitioner's conviction became final on direct appeal on November 9, 2021, and his statutory limited time period would have expired one year later on November 9, 2022. The Petition was not filed until May 8, 2025, more than two years after the limitation period expired. The Report recommends dismissal on the basis of that calculation. Petitioner claimed his late filing was

1

excused by his actual innocence as provided in *McQuiggin v. Perkins*, 569 U.S. 383 (2013).  The Magistrate Judge noted that Petitioner had not filed any new evidence at all, much less sufficient evidence to satisfy the *McQuiggin* standard.

In his Objections, Petitioner writes at length about the general law of cause and prejudice to excuse procedural default.  (ECF No. 18).  That discussion is not relevant because the Magistrate Judge recommended dismissal not on the basis of a particularized procedural default, but because the Petition was untimely filed.

Petitioner writes of the "miscarriage of justice" exception to procedural default. (*Id.* at 8). That exception would excuse Petitioner's untimely filing if Petitioner had submitted new evidence of actual innocence to satisfy the *McQuiggin* standard.  But as the Report notes, Petitioner has submitted no new evidence at all.

Petitioner also claims he is entitled to statutory tolling under 28 U.S.C. § 2244(d)(2).  (*Id.* at 10). He gives no record references at all but asserts his second post-conviction petition tolled the statute.  He made no such claim in opposing Respondent's Motion to Dismiss, relying instead on his unsubstantiated claim of actual innocence.  The State Court Record (ECF No. 8) does not show the filing of any second post-conviction petition.  Petitioner's first post-conviction petition was not properly filed; the Common Pleas Court found it was two and one-half years late.  An improperly filed collateral attack on a criminal judgment does not toll the federal statute of limitations.  *Artuz v. Bennett*, 531 U.S. 4 (2000).

Petitioner also claims he is entitled to equitable tolling, but makes no showing that he has pursued his rights diligently.  (ECF No. 18 at 10).

Petitioner claims he is entitled to an evidentiary hearing (*Id.* at 11).  He relies on *Townsend v. Sain*, 372 U.S. 293, 313 (1963).  *Townsend* was decided at a time when there was no statute of

limitations on habeas corpus claims.  Congress changed that with enactment of 28 U.S.C. § 2244(d) in the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA").

Finally, Petitioner asserts he is entitled to a certificate of appealability.  (*Id.* at 13).  He recites the correct standard from  *Slack v. McDaniel,* 529 U.S. 473 (2000), but he has not shown how a reasonable jurist might disagree with the Report's analysis of the limitations issue.  As such, an appeal would be frivolous.  Thus, there is no basis for this Court to issue the certificate.

## CONCLUSION

Accordingly, the Report is adopted and Petitioner's Objections are overruled.  The Clerk will enter judgment dismissing the Petition with prejudice.  Because reasonable jurists would not disagree with this conclusion, that Petitioner  is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE

DATED:  April 7, 2026

3